UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RODNEY A. KAPRIELIAN, )
)
        Plaintiff, )
)
v. ) No. 4:15CV1598 CEJ
)
MARK STRINGER, et al., )
)
        Defendants, )

**MEMORANDUM AND ORDER**

Plaintiff is a civilly committed male-to-female transgendered person in Missouri's Sex Offender Rehabilitation and Treatment Services (SORTS) facility in Farmington, Missouri. Plaintiff brings this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, (ADA) and seeks appointment of counsel. Defendants move to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

**Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. *Id.* at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quotations omitted). However, the factual allegations in the complaint must be more than

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Gregory*, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**The Complaint**

Plaintiff sues the defendants in their capacity as supervisors. Defendant Mark Stringer is the Director of the Missouri Department of Mental Health (DMH). Julie Inman is an Executive Officer for the DMH. David Schmidtt is the Chief Operating Officer for SORTS. Dr. Jay Englehart is a physician for SORTS. Sujatha Ramesh, Ph.D., is a supervisor for SORTS. Alan Blake and Melissa Ring are former Chief Operating Officers for SORTS. Marty Martin-Foreman, Ph.D., is a supervisor for SORTS. Nancy Amsden is a former Unit Manager for SORTS. Jan Bolton is a former Unit Program Supervisor for SORTS. Dorothy Shaulk is a former "SA-II" for SORTS. And Michelle Bequet is a former "SA-I" for SORTS.

Plaintiff alleges that she has needs that are different from those of "male gendered persons," and that her treatment plan does not conform with "established and accepted [treatment] in the professional community." She further alleges that defendants have not provided her with "treatment individualized" to her needs as a transgendered person. Plaintiff also alleges that defendants "have subjected [her]" to various harms because of her gender, such as punishment, sexual abuse from other detainees, different treatment than male patients, and a different standard for release from confinement.

**Discussion**

Initially, the Court finds the allegations in the complaint to be vague and conclusory. Plaintiff has not alleged that any of the defendants are involved in creating or modifying her treatment plan. Plaintiff alleges, only in a conclusory manner, that defendants created policies that denied her "rights" or encouraged others to violate her "rights."

**1. ADA and Medicare/Medicaid Claims**

Plaintiff's allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). Plaintiff has not named a governmental entity as a defendant. As a result, plaintiff's ADA claims must be dismissed.

Moreover, plaintiff does not allege that she suffers from a qualified disability under the ADA.

> The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

3

42 U.S.C. § 12131(2). A "disability" is a physical or mental impairment that substantially limits one or more major life activities of such individual, which "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Plaintiff has not alleged that she has any impairments affecting major life activities. Moreover, the ADA specifically exempts "transsexualism" from the definition of disability. 42 U.S.C. § 12211(b)(1). Therefore, plaintiff's ADA claims fail for this reason as well.

Plaintiff's statement that her care and treatment do not "conform[] to the standards required by the Medicare and Medicaid programs" is wholly conclusory and does not state a plausible claim for relief.

### 2. Section 1983 Claims

Defendants argue that plaintiff's theory of supervisory liability fails because she has not alleged that they were directly involved in the alleged deprivation of her rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A supervisor may be liable under § 1983 if he or she (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts;

4

and (3) failed to take sufficient remedial action; (4) proximately causing injury to plaintiff. *See Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012).

The complaint does not contain any specific factual allegations showing that any of the defendants had notice of a pattern of unconstitutional acts committed by their subordinates who were responsible for plaintiff's treatment. Nor are there any non-conclusory allegations showing that any of the defendants directly violated plaintiff's constitutional rights (*e.g.*, plaintiff alleges that defendant Englehart "encouraged and directed his subordinates to violate plaintiff's rights, created policies, practices, and procedures that violated plaintiff's rights, and deliberately created an atmosphere and environment hostile towards and violating of plaintiff's rights.") The Court concludes that plaintiff's § 1983 claims fail to state a claim upon which relief can be granted.

### 3. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because plaintiff has not pled a discernible injury and because it is not clearly established that transgendered persons are a suspect class under the Equal Protection Clause. In response, plaintiff cites to an unpublished California district court case for the proposition that prison officials cannot mistreat or deny benefits to transgendered inmates because of bias against them as a class.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff alleges that "[b]y subjecting

plaintiff to physical, emotional, sexual, and psychological abuse, the defendants violated plaintiff's Equal Protection rights." In her "Statements of Fact," plaintiff alleges that "defendants each, individually and collectively, have subjected plaintiff to punishment, reprisal, physical abuse . . . sexual abuse . . . [and] physical harm . . . solely because plaintiff is a transgendered female person." These allegations are wholly conclusory and are unsupported by factual allegations, which if proved, would entitle plaintiff to relief. Therefore, plaintiff has failed to demonstrate that her right to equal protection was violated by defendants. It is unnecessary to determine whether transgendered persons are members of a protected class.

For these reasons, defendants are entitled to qualified immunity.

### 4. Plaintiff's Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has not presented any non-frivolous allegations to the Court. Additionally, the Court does not believe that the factual or legal issues presented in the complaint are complex. Therefore, the motion will be denied.

*****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [ECF Nos. 13, 24, 26, 34, 38, 46] are **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **denied**.

Dated this 20th day of April, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE